## Kirwin, Appellant, *v.* Delaware, Lackawanna & Western Railroad Co. (No. 2).

*Trespass—Mining operations—Disturbance of surface—Personal injury to surface owner—Lawful operation—Contributory negligence—Nonsuit.*

In an action by the owner of a super-incumbent estate for personal injuries alleged to have been caused by reason of disturbances in the surface of a lot occupied by plaintiff resulting from defendant's mining operations, a nonsuit is proper where it appears that the defendant company was lawfully engaged in mining its own property, that it owed no duty of surface support; where no negligence or wantonness was shown in the manner of mining which contributed or caused the injury, but where on the contrary it appeared that the defendant's agents had frequently warned the plaintiff of the danger of remaining upon her premises during the mining operations, but that she refused to withdraw therefrom.

Argued Feb. 24, 1915. Appeal, No. 390, March T., 1915, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1914, No. 124, refusing to take off compulsory nonsuit in case of Margaret Kirwin v. Delaware, Lackawanna and Western Railroad Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass for personal injuries. Before NEWCOMB, J.
The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was in refusing to take off the nonsuit.

*Thomas F. Duffy,* for appellant.

*Everett Warren,* with him *J. H. Oliver* and *D. R. Reese,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 12, 1915:

This is a companion case to James Kirwin and Margaret Kirwin against the present defendant, which has been disposed of contemporaneously herewith; there the claim was for injuries to the plaintiff's real estate, while here it is for physical injuries to the person of the plaintiff. A nonsuit was entered, which the court below subsequently refused to remove; hence this appeal.

It appears that, when the surface of the land under the plaintiff's house subsided, she was hurt by being thrown against the kitchen sink. In the other case, we decided that, at the time of the injury, the defendant company was lawfully engaged in mining its own property and owed no duty of surface support; further, that no negligence was shown in the manner of mining which contributed or caused the injury to the plaintiff's property. Not only was no negligence or wantonness proved, but, on the contrary, the evidence showed that the defendant company had notified the plaintiff, at least a month before the date of the accident, that its underground operations were approaching the line of her property, and, as a matter of courtesy, had offered to remove her belongings to another house at its own expense, so she would not be injured or inconvenienced by blasts fired in the mines at locations apt to affect the house in which she lived. This offer, although communicated to the plaintiff's husband and son, was not acted upon by any of them. The offer was renewed a few days before the

104 KIRWIN, Appellant, *v.* DEL., L. & W. R. R. CO. (No. 2).

Opinion of the Court.                    [249 Pa.

date of the injury, and, on the morning in question, the outside foreman of the defendant company (who had nothing to do with the underground mining) told the plaintiff that she should leave her house; when she failed to comply with this warning, he again notified her, fifteen minutes before the blast was fired.

The plaintiff testified the defendant's representative told her at this last interview that, if she did not get out at once, he would blow her to pieces; but it is evident this was meant as a forcible warning, not as a wanton threat, for, as previously noted, the man who talked with the plaintiff had nothing to do with the mining operations, and had no power or control over the time of the blast, nor was there anything to show that he had precise knowledge as to when the blast would occur. Finally, there was no evidence indicating that those in charge of the underground operations knew the plaintiff was in her house at the time they fired the blast which caused the damage complained of at bar.

The assignment of error is overruled and the order refusing to remove the nonsuit is affirmed.